

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 22, 1970

Hon. Edgar A. Wallace
County Attorney
of Kerr County, Texas
Chas. Schreiner Bank Bldg.
Kerrville, Texas   78028

Opinion No. M-639

RE: May a defendant who
pleads guilty to a mis-
demeanor charge, and who
received a probated sen-
tence within the immedi-
ately preceding five years,
receive a probated sen-
tence for the present
offense?

Dear Mr. Wallace:

This is in response to your inquiry requesting the opinion of this office as to whether a County Judge may grant misdemeanor probation to a defendant who has received probation during the five year period immediately preceding his current conviction.

Apparently the confusion arises from the change in Article 42.13, Section 3, Texas Code of Criminal Procedure as was amended in 1967.

Prior to the 1967 amendment, the Code of Criminal Procedure stated, _inter alia_, that eligibility for misdemeanor probation should be based upon [Section 3(a) (2)]:

"(2)  he has never before been con-
victed in this or another jurisdiction
of a felony or of a misdemeanor for
which the maximum permissible punish-
ment is be confinement in jail or ex-
ceeds a $200 fine"

and Section 3(a) (3):

"(3)  he has not been granted pro-
bation nor been under probation under
this Act or any other Act in the pre-
ceding five years;" (Emphasis added.)

-3056-

The 1967 amendment eliminated Section 3(a) (2) above but reincorporated Section 3(a) (3) above as Section 3(a) (2) of the amended Act.

Section 3(b) of the amended Act contains the new provision:

> " * * * The Court may grant the defendant probation regardless of the recommendation of the jury or the prior conviction of the defendant. * * *" (Emphasis added.)

But, both the original and the amended Act require under Section 3(c) that the defendant's application must show whether he has any prior convictions and must affirmatively show that he has not been granted probation in the preceding five years.

From the standpoint of statutory construction we must assume that the Legislature had a purpose in leaving the required disclosure of prior convictions in Section 3(c), even though such prior convictions in and of themselves are no longer a bar to probation. The evident purpose of such information is to enable the Judge to effectively exercise his discretion in granting or withholding probation with such pertinent facts before him.

The fact that the Legislature specifically retained as a condition of granting probation that the defendant has not been granted probation nor been under probation during the preceding five years clearly shows that it was the legislative intent that a person not be eligible for misdemeanor probation for five years after he has completed a prior probationary period.

It is therefore the opinion of this office that the County Judge is not authorized to grant misdemeanor probation to a person who has received any type of probation until five years have expired after the completion of such prior probationary term.

## S U M M A R Y

The County Judge is not authorized
to grant misdemeanor probation to a
person who has received any type of
probation until five years have expired
after the completion of such prior pro-
bationary term.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Charles Parrett
Jo Betsy Lewallen
Lonnie Zwiener
Sam Jones

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General